```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CINDY OLSEN,

                      Plaintiff,           MEMORANDUM & ORDER
                                           15-CV-4064(JS)(AYS)
        -against-

SUFFOLK COUNTY,

                      Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:     Thomas Ricotta, Esq.
                   Matthew I. Marks, Esq.
                   White Ricotta & Marks, P.C.
                   86-12 37th Avenue
                   Jackson Heights, New York 11372

For Defendant:     Daniel E. Furshpan, Esq.
                   Elaine M. Barraga, Esq.
                   John R. Petrowski, Esq.
                   Suffolk County Attorney's Office
                   100 Veterans Memorial Highway
                   P.O. Box 6100
                   Hauppauge, New York 11788
```

SEYBERT, District Judge:

Before the Court is defendant Suffolk County's (the "County") summary judgment motion in this action commenced pursuant to 42 U.S.C. § 1983 ("Section 1983"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"), by plaintiff Cindy Olsen ("Plaintiff"). (Cty.'s Mot., D.E. 45.) For the following reasons, the County's motion is GRANTED IN PART AND DENIED IN PART.

In this Court's September 27, 2016 Memorandum and Order granting in part and denying in part the County's (and other, now-dismissed defendants') motion to dismiss (the "2016 Order"), the Court detailed the facts alleged in the Amended Complaint, which is the operative pleading. Olsen v. Suffolk Cty., No. 15-CV-4064, 2016 WL 5395846 (E.D.N.Y. Sept. 27, 2016) ("2016 Order"); (see generally Am. Compl., D.E. 10.) The Court assumes the parties' familiarity with the 2016 Order--including the alleged facts and the legal standards governing the asserted claims--and the standards governing the disposition of summary judgment motions.

In the 2016 Order, the Court found that Plaintiff's allegations against the County were sufficient with respect to (1) Plaintiff's Section 1983 claim regarding the County's alleged policy of condoning or failing to address sexual harassment, 2016 Order, 2016 WL 5395846, at *8-10; (2) Plaintiff's hostile work environment claim under Title VII and NYSHRL related to Wehr's alleged misconduct, id. at *11-14; and (3) Plaintiff's discrimination claim under Title VII and NYSHRL arising out of her transfer to a less desirable office than her male partner, id. at 16. Resolving all ambiguities and drawing all permissible factual inferences in Plaintiff's favor, the Court finds that evidence supports the allegations in the Amended Complaint.[1] The County's

---

[1] The Court has considered the parties' memoranda of law (D.E. 45-17, 48, and 49), the County's Local Civil Rule 56.1

2

summary judgment motion--which primarily relies on legal arguments identical to those that failed when the County moved to dismiss--is therefore denied as to all claims except for Plaintiff's gender discrimination claim.

I. Summary Judgment is Denied as to Plaintiff's Section 1983 Claim for Condoning or Failing to Address Sexual Harassment

The County's arguments regarding Plaintiff's Section 1983 claim are unavailing. First, the County argues that there is no basis for Monell liability because "the record evinces that the County strongly opposes sexual harassing conduct and takes swift remedial action once such conduct is reported." (Cty.'s Br., D.E. 45-17, at 13; see generally Cty.'s Br. at 13-16.) It points to evidence that (1) Suffolk County Police Department ("SCPD") members in whom Plaintiff confided before October 8, 2014 expressed concern and encouraged her to report the incident with Wehr; (2) SCPD implements a strong anti-sexual-harassment policy with guidelines on prevention and reporting; and (3) all SCPD members are annually trained on anti-harassment rules and procedures. (Cty.'s Br., at 14.) However, as the Court previously ruled, municipal liability may still attach given evidence that Plaintiff disclosed the alleged harassment to two supervisors (as well as two lower-level employees) who failed to investigate or

Statements and Plaintiff's Counterstatements (D.E. 45-2, 45-13, 46, and 46-1), and all relevant exhibits.

3

address the allegations. 2016 Order, 2016 WL 5395846, at *6-9 ("The Court finds that the Amended Complaint plausibly alleges inaction on the part of supervisory officials that is sufficiently widespread to constitute a municipal custom.").

Second, the County renews its attempt to cast Plaintiff's Section 1983 cause of action as the "antithesis of a Monell claim." (Cty.'s Br. at 16-17.) Specifically, it maintains that the claim should be dismissed because "Plaintiff claims that she was injured as a result of [SCPD] members not following the established policies and customs of the [SCPD], codified in the R & P's [(Rules and Procedures)]." (Cty.'s Br. at 14, 16-17 (emphasis in original).) This argument fails for the same reasons it did when the County first raised it. That is,

> [the County's] position that the Amended Complaint is limited to allegations that various [SCPD] officials failed to follow the pre-existing harassment policies set forth in the R&P is unduly narrow. The Amended Complaint's citation to R&P provisions that these official[s] allegedly violated does not dilute its allegations that supervising officials' failure to respond to known sexual harassment constitutes a practice sufficiently widespread to constitute a municipal custom.

2016 Order, 2016 WL 5395846, at *9 (citations omitted).

Therefore, regardless of official rules, trainings on sexual harassment, and SCPD members' apparent concern for Plaintiff, whether there was a custom, practice, or policy of

4

condoning or failing to address sexual harassment is a question for the jury.

## II. Summary Judgment is Denied as to Plaintiff's Title VII and NYSHRL Hostile Work Environment Claim

The Court is similarly unconvinced by the County's arguments regarding Plaintiff's Title VII and NYSHRL hostile work environment claim. First, the County contends that it is not liable for Wehr's conduct based on Torres v. Pisano, 116 F.3d 625 (2d Cir. 1997), and Duch v. Jakubek, 588 F.3d 757 (2d Cir. 2009). (Cty.'s Br. at 17-20.) In the 2016 Order, this Court explained why Duch and Torres do not bar Plaintiff's hostile work environment claim. 2016 Order, 2016 WL 5395846, at *13-14. For the reasons elaborated in the 2016 Order, whether Lieutenant Riggio and Captain Rios responded reasonably to Plaintiff's reports of harassment is a question for a jury, notwithstanding Plaintiff's requests that they keep her reports confidential. Id. at *11-14.

Second, the County maintains that Faragher v. City of Boca Raton, 524 U.S. 775, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998), forecloses Plaintiff's hostile work environment claim. Specifically, the County contends that it should not be held liable for Wehr's alleged conduct since it "exercised reasonable care to prevent and correct promptly the harassing behavior, and the plaintiff unreasonably failed to take advantage of [the]

5

preventive or corrective opportunities" it provided. (See Cty.'s Br. at 21-23.)

Initially, this argument fails because the Faragher affirmative defense applies when the alleged harasser is the plaintiff's supervisor, not a coworker or subordinate, as Wehr was to Plaintiff. MacCluskey v. Univ. of Conn. Health Ctr., 707 F. App'x 44, 47 (2d Cir. 2017) (citations omitted) ("First, the Faragher/Ellerth affirmative defense applies to supervisor harassment. The Supreme Court and this Circuit have made it clear that there are different standards of liability for supervisor versus co-worker harassment.") (citations omitted). Additionally, even if the defense did apply, "the existence of an anti-harassment policy is not dispositive on the issue of whether the employer exercised reasonable care to prevent and correct harassing behavior." Id. (citation omitted). That is, while the County may have provided "a reasonable avenue for complaint, it may be liable if it knew or should have known about the harassment and failed to take appropriate action." Id. at 47-48 (citing Duch, 588 F.3d at 762.) Thus, for the reasons discussed above, it is for a jury to decide whether SCPD members to whom Plaintiff reported Wehr's alleged actions "acted without reasonable care and w[ere] thus liable for [his] conduct." See id. at 48.

III. Res Judicata Does not Bar Plaintiff's Action

The County contends that Plaintiff's action is barred by res judicata since a grand jury did not indict Wehr and "determined that the alleged crimes committed by [him] did not occur." (Cty.'s Br. at 25.) Res judicata--or claim preclusion--is facially inapplicable, since Plaintiff could not have raised her civil claims in the prior grand jury proceeding. See Romaka v. H&R Block Mortg. Corp., No. 17-CV-7411, 2018 WL 4783979, at *5 (E.D.N.Y. Sept. 30, 2018) (quoting Gordon v. First Franklin Fin. Corp., No. 15-CV-0775, 2016 WL 792412, at *6 (E.D.N.Y. Feb. 29, 2016)) ("In New York, res judicata is applicable where[, among other things,] . . . 'the claims involved [in the present action] were or could have been raised in the previous action.'").

Assuming the County meant to argue that collateral estoppel--or issue preclusion--bars the relitigation of whether Wehr engaged in misconduct, the argument is baseless. (See Cty.'s Reply, D.E. 49-2, at 10 (discussing collateral estoppel)). For collateral estoppel to apply, there must have been, among other things, a full and fair opportunity to litigate the issue and a final decision on the merits. See Bulovic v. Stop & Shop Supermarket Co., LLC, 698 F. App'x 21, 22 (2d Cir. 2017). A New York State grand jury proceeding is not "designed to give the parties a full and fair opportunity to litigate issues," and a grand jury's decision not to indict is not a final decision on the

merits. Clark v. Newbauer, 148 A.D.3d 260, 266, 47 N.Y.S.3d 314, 320 (N.Y. App. Div. 1st Dep't 2017) (citations omitted). As recently explained by the First Department:

> All four departments of the Appellate Division have considered the issue of whether a grand jury vote is entitled to collateral estoppel effect. They have all concluded that it is not, because grand jury action is not final . . . . [Additionally, i]t is not a forum designed for the full litigation of disputed issues. . . . [T]he process itself, with its lack of finality, different standards of proof, only one side presenting, no presiding judge, and no rights of appeal, is fundamentally a different procedure with a different objective than a trial.

Id. at 266-67, 47 N.Y.S.3d at 320-21.

IV. Summary Judgment is Granted as to Plaintiff's Title VII and NYSHRL Gender Discrimination Claim

The Court finds that Plaintiff was not subjected to an adverse employment action, and therefore, her gender discrimination claim fails. See Rasko v. N.Y. City Admin. for Children's Servs., 734 F. App'x 52, 54 (2d Cir. 2018) (discussing standard for Title VII discrimination claims).

Plaintiff argues that she suffered an adverse employment action when she had to transfer to an office next door to her old office, share it with two subordinate employees, and move office furniture. (Pl.'s Br., D.E. 48, at 1-2, 21-24.) However, she submits no evidence that the move (or having to move furniture on a single occasion) resulted in a material change to her

8

responsibilities, compensation, prestige, opportunities for career advancement, benefits, or any other aspect of employment. See Pimentel v. City of N.Y., 74 F. App'x 146, 148 (2d Cir. 2003) (citing cases). Her transfer of offices was thus not "'a materially adverse change in the terms and conditions of employment' because such action[ ] 'must be more disruptive than a mere [in]convenience . . . .'" Dowrich-Weeks v. Cooper Square Realty, Inc., 535 F. App'x 9, 12 (2d Cir. 2013) (quoting Mathirampuzha v. Potter, 548 F.3d 70, 78 (2d Cir. 2008)) (upholding dismissal of Title VII and NYSHRL discrimination claims because, among other things, the plaintiff's being "moved from an office to a cubicle" was not an adverse employment action); Klein v. N.Y. Univ., 786 F. Supp. 2d 830, 847 (S.D.N.Y. 2011) ("Undesired office assignments are not adverse employment actions."); Sackey v. City of N.Y., No. 04-CV-2775, 2006 WL 337355, at *9 (S.D.N.Y. Feb. 15, 2006) (citing Galabya v. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000)) ("Being moved to a comparable, but less desirable desk cannot by itself provide the basis for a gender discrimination claim."), aff'd, 293 F. App'x 89 (2d Cir. 2008). Therefore, the County's motion is granted with respect to Plaintiff's discrimination claim.[2]

---

[2] The County also argues that "Plaintiff cannot maintain a cause of action for discrimination as a result of Captain Rios' oversight with respect to the Injured Employee Report." (Cty.'s Br. at 24.) This argument is moot, because in the 2016 Order,

9

CONCLUSION

For the foregoing reasons, the County's summary judgment motion (D.E. 45) is GRANTED IN PART and DENIED IN PART. The County's motion is DENIED as to Plaintiff's Section 1983 claim with respect to the alleged policy of condoning or failing to address sexual harassment, DENIED as to Plaintiff's hostile work environment claim under Title VII and NYSHRL, and GRANTED as to Plaintiff's discrimination claim under Title VII and NYSHRL.

The parties are directed to file letters within fourteen (14) days of the date of this Memorandum and Order setting forth their respective positions on scheduling a settlement conference with Judge Anne Y. Shields. Additionally, as ordered by Judge Shields on March 16, 2018, the parties shall file their Joint Pretrial Order within sixty (60) days of the date of this Memorandum and Order. (See Mar. 16, 2018 Elec. Order.)

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March   25  , 2019
         Central Islip, New York

---

the Court found that Plaintiff failed to state a claim with respect to that allegation. 2016 Order, 2016 WL 5395846, at *16.